IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DIVINE SHAKIM WHEELER,         )
                               )
        Plaintiff,              )
                               )
        v.                      )    1:25CV64
                               )
ALBERT KING,                   )
                               )
        Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.  Plaintiff's claim or claims are not clear. The Complaint alleges that Plaintiff's family attempted to send him a religious book but that Defendant did not allow him to have the book because it allegedly contained "contraband." The Complaint does not contain any allegations regarding the nature of the "contraband" claimed by Defendant other than to deny that the book contained any. Therefore, the facts underlying Plaintiff's claims are unclear. Further, at times, it appears that the Complaint attempts to raise a claim based purely on the confiscation of the book as property. Where a post-deprivation remedy is available under state law for deprivation of property, there is no procedural due process claim under § 1983 for such takings. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished). Prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Therefore, Plaintiff cannot bring a procedural due process claim under § 1983 based on the deprivation or seizure of his property. Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001); Wilkins, supra; English v. Burke County Sheriff's

Office, No. 1:11-cv-144-RJC, 2012 WL 3811798, at * 3-4 (W.D.N.C. Sept. 4, 2012) (unpublished). Instead, he must seek any remedy in the state courts for property-related claims. At other times, it appears that the Complaint may attempt to raise a claim based on interference with Plaintiff's practice of his religion. If so, to establish such a claim, Plaintiff must allege facts demonstrating that he holds a sincere religious belief and that the practice or policy he challenges places a substantial burden on his ability to practice his religion. Wilcox v. Brown, 877 F.3d 161, 168 (4th Cir. 2017). The present Complaint is not clear that this is the case or even that Plaintiff seeks to raise such a claim. Plaintiff must file a Complaint that makes his claims clear and sets out the facts supporting those claims.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 10th day of February, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**